

FILED

**NOT FOR PUBLICATION**

MAR 05 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: WILLIAM A. MCINTYRE, <br><br> Debtor, <br><br>---<br><br> WILLIAM A. MCINTYRE; et al., <br><br> Appellants, <br><br> v. <br><br> BNC MORTGAGE, LLC, FKA BNC Mortgage, Inc., <br><br> Appellee, <br><br> AMERICAN HOME MORTGAGE SERVICING, INC., successor in interest to BNC Mortgage, LLC, FKA BNC Mortgage, LLC, <br><br> Movant - Appellee, <br><br> and <br><br> ALFRED H. SIEGEL, Chapter 7 Trustee, | No. 10-56185 <br><br> D.C. No. 2:09-cv-02327-ABC <br><br><br> MEMORANDUM[*] |

———————

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Trustee.

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

Before: PREGERSON and BEA, Circuit Judges, and PRATT, Chief District Judge.[**]

Appellants William McIntyre, Gail Johnson-McIntyre, and Tshombe Sampson appeal the district court's decision affirming the bankruptcy court's grant of an equitable lien against McIntyre and Johnson-McIntyre's real property and the bankruptcy court's grant of priority to that equitable lien over Sampson's unrecorded lien for attorneys' fees. The bankruptcy court granted an equitable lien in favor of assignee BNC Mortgages (predecessor in interest to appellee American Home Mortgages, Inc., or "AHMSI") and ordered the lien recorded, because BNC had erroneously, but in good faith, repaid the note secured by deed of trust on McIntyre and Johnson-McIntyre's real property. Because the parties are familiar

---

[**] The Honorable Robert W. Pratt, Chief District Judge for the U.S. District Court for Southern Iowa, sitting by designation.

2

with the facts of the case, we repeat them here only as necessary to explain our decision. We affirm.

First, AHMSI is entitled to an equitable lien. Under California law, a party is entitled to an equitable lien "when a lender advances money which benefits the land of another in mistaken reliance upon an imperfect mortgage or lien upon that land." *Jones v. Sacramento Sav. & Loan Ass'n*, 248 Cal. App. 2d 522, 530 (1967). Here, BNC benefitted McIntyre and Johnson-McIntyre's land by paying off the previous note secured by deed of trust as part of an unconsummated sale transaction; BNC made the payment because BNC thought it would have a securitized interest in the land at the end of the sale. As McIntyre and Johnson-McIntyre received a windfall when their note secured by deed of trust was paid off and BNC took nothing, an equitable lien for BNC's successor-in-interest is appropriate under California law.

Second, the district court correctly held that AHMSI's recorded equitable lien has priority over Sampson's unrecorded lien. First, the bank is a bona fide purchaser for value, first recorded and with notice (through the recorded *lis pendens*) only of Johnson-McIntyre's interest in the property, not of Sampson's claim. As a secondary ground, AHMSI is entitled to priority by equitable subrogation to the Note and Deed of Trust of lender Ameriquest, which was paid

3

off by BNC's $205,000 payment. In cases such as this one, California permits a later lienholder to stand in the shoes of the previous lienholder and retain the same priority as the previous lienholder. *See Han v. United States*, 944 F.2d 526, 529 (9th Cir. 1991).

None of Appellants' other miscellaneous arguments are applicable here and thus do not warrant reversal. In addition, as Appellants have brought no claim or counter-claim against AHMSI or its predecessor in interest, Appellants are not here entitled to damages.

**AFFIRMED.**